PER CURIAM.
Cabrera appeals his conviction for attempted first degree murder. He contends that the trial court erred by denying his motion for a mistrial after the prosecutor misstated the law several times during closing argument. We disagree and affirm.
Three times during the prosecutor’s closing argument, the trial court sustained Cabrera’s objections to the prosecutor’s misstatement of the law. Cabrera never requested a curative instruction. After the third misstatement, Cabrera indicated that he had a motion to make. The judge invited Cabrera to raise the motion at the end of closing argument. After closing argument Cabrera moved for a mistrial. The court denied the motion.
The proper response to a prosecutor’s objectionable comment is an objection and a request for a curative instruction. Ferguson v. State, 417 So.2d 639 (Fla.1982). A mistrial is appropriate only where an error is “so prejudicial as to vitiate the entire trial.” Cobb v. State, 376 So.2d 230, 232 (Fla.1979). Here the error was not sufficiently prejudicial to warrant a mistrial for at least three reasons. First, prior to closing argument the trial judge informed the jury that he would instruct them on the law and that counsel’s closing statements were merely argument. Second, the prosecutor himself told the jury to disregard his statement of the law and instead to heed the judge’s instructions. Finally, the judge correctly instructed the jury on the law prior to their deliberations.
Accordingly, we conclude that the trial court correctly denied Cabrera’s mistrial motion. Therefore, the conviction under review is
Affirmed.